# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAMELA V. BLACK,

      Plaintiff,

 v.                                      No. CIV 03-561 JP/LFG

STATE OF NEW MEXICO,
HUMAN RIGHTS DIVISION,

      Defendant.

## MEMORANDUM OPINION AND ORDER

On September 9, 2002, pro se Plaintiff Pamela V. Black filed a Charge of Discrimination against her former employer RCI, Inc. with the Equal Employment Opportunity Commission (the "EEOC") and the New Mexico Human Rights Division (the "Human Rights Division"). On December 17, 2002, the EEOC issued a Dismissal and Notice of Rights to Plaintiff. Under 42 U.S.C. § 2000e-5(f)(1), Plaintiff had 90 days from the issuance of the EEOC decision to file a discrimination suit against RCI, Inc. On March 11, 2003, the Human Rights Division issued an Order of Non-Determination on Plaintiff's charge. Under N.M. STAT. ANN. § 28-1-13(A), Plaintiff had 30 days from the issuance of the Human Rights Division order to file an appeal in state district court.

On April 21, 2003, Plaintiff initiated this action by filing a Notice of Appeal in the Second Judicial District Court, naming as defendants both RCI, Inc. and, oddly, the Human Rights Division. At the time of filing, both the 90-day time limit for responding to the EEOC decision and the 30-day time limit for appealing the Human Rights Division order had elapsed. On May 8,

2003, Defendant RCI, Inc. filed a Motion to Dismiss with Prejudice, asserting, among other things, that Plaintiff's claim was untimely and therefore should be dismissed.  On May 12, 2003, Defendant RCI, Inc. filed a Notice of Removal to this Court.  On June 5, 2003, this Court granted Defendant RCI, Inc.'s Motion to Dismiss with Prejudice, which left the Human Rights Division as the sole defendant remaining in this action.  However, Plaintiff has not made any factual allegation against the Human Rights Division, either in the Notice of Appeal or in the initial charge of discrimination.

This matter comes before the Court *sua sponte*.  *See Phillips v. Pub. Serv. Co. of New Mexico*, 58 Fed. Appx. 407, 409 (10th Cir. 2003) (unpublished decision) (district court can *sua sponte* dismiss complaint without prejudice under Rule 12(b)(6)).  Having reviewed Plaintiff's pro se complaint liberally as required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this Court finds that Plaintiff's claims against Defendant New Mexico Human Rights Division should be dismissed without prejudice under FED R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

I.      **Legal Standard**

Dismissal of a pro se plaintiff's complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend the complaint.  *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  Although the Court must liberally construe a pro se plaintiff's pleadings, a broad reading of the complaint does not relieve a pro se plaintiff from the burden of alleging sufficient facts upon which a recognized legal claim could be based.  *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

## II.     Discussion

Dismissal of Plaintiff's claim is warranted here, where Plaintiff has failed to allege any facts whatsoever that would support a claim of discrimination against the Human Rights Division. Moreover, it would be futile to allow Plaintiff an opportunity to amend the complaint. Even if Plaintiff does have a claim against the Human Rights Division, Plaintiff did not assert such a claim in an administrative charge of discrimination.  Therefore, Plaintiff has failed to exhaust her administrative remedies against the Human Rights Division, and would be barred from asserting such a claim for the first time in this action.  *See* 42 U.S.C. 2000e-5(f)(1); *Rodriguez v. Miller Waste Mills, Inc.*, 2003 WL 21978620, at *5 (10th Cir. 2003) (unpublished decision) (filing a charge of discrimination with the EEOC is a jurisdictional prerequisite to filing an action in federal court).

IT IS THEREFORE ORDERED that Plaintiff's claims against New Mexico Human Rights Division are DISMISSED without prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

_____
SENIOR UNITED STATES DISTRICT JUDGE